UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK MURACA,

                      Petitioner,

        v.

UNITED STATES OF AMERICA,

                      Respondent.

No. 17-CR-739 (RA)
No. 21-CV-6003 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      The Court is in receipt of sworn affidavits from both Petitioner Patrick Muraca and his trial counsel, Bennett M. Epstein, relating to Mr. Muraca's claim that he was denied the effective assistance of counsel. Although Mr. Epstein asserts that he "never threatened to quit the case at any point" and that "the issue of [Mr. Muraca] testifying was never foreclosed in any way," Dkt. No. 140, Mr. Muraca insists that, during trial, Mr. Epstein told him that "you will not testify" and "if you don't trust me anymore, you can find yourself a new attorney to represent you," Dkt. No. 141 at 12-13.

      Because the effective assistance of counsel includes "ensuring that the defendant is informed of the nature and existence of the right to testify," a plaintiff can prevail where his attorney "either [failed] to inform the defendant of the right to testify or [overrode] the defendant's desire to testify." *Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997). *See Nicholas v. Butler*, 953 F.2d 1550, 1553 (11th Cir. 1992) ("It is beyond question that an attorney cannot threaten to withdraw during trial in order to coerce the defendant to relinquish his fundamental right to testify.").

      In this Circuit, "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel,

not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir.2000)). "[A] district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence." *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998).

Given Mr. Muraca's sworn testimony that Mr. Epstein told him "you will not testify," Dkt. No. 141 at 13, an evidentiary hearing is warranted. *See Saada v. Golan*, 2021 WL 4824129, at *3 (2d Cir. Oct. 18, 2021) (noting that if material facts are in dispute concerning an ineffective assistance of counsel claim, "a court should usually hold an evidentiary hearing" (citing *Puglisi*, 586 F.3d at 213)).

Accordingly, the Court intends to schedule an evidentiary hearing, during which it expects Mr. Muraca, Mr. Epstein, and Ms. Sarah M. Sacks to appear. No later than **February 5, 2024**, Mr. Muraca shall file a letter to the Court expressing whether he wishes the Court to appoint a new CJA attorney to represent him at this evidentiary hearing. Upon receipt of this letter, the Court will set a hearing date.

The Clerk of Court is respectfully directed to provide a copy of this Order to Mr. Muraca, Mr. Epstein, and Ms. Sacks.

SO ORDERED.

Dated: January 19, 2024
New York, New York

Hon. Ronnie Abrams
United States District Judge